IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WANDA SMITH-MARKER,

        Plaintiff,        Case No. 3:11-cv-001

vs.        Judge Thomas M. Rose

MICHAEL J. ASTRUE,        Magistrate Judge Michael J. Newman
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING SMITH-MARKER'S OBJECTIONS (Doc. #14) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT SMITH-MARKER WAS NOT DISABLED; AND TERMINATING THIS CASE**

_____

      Plaintiff Wanda Smith-Marker ("Smith-Marker") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she was not disabled and, therefore, not entitled to Social Security disability benefits. On December 22, 2011, United States Magistrate Judge Michael J. Newman ("Magistrate Judge Newman") entered a Report and Recommendations (doc. #13) recommending that the Commissioner's Decision be affirmed. Smith-Marker subsequently filed Objections (doc. #14) the Commissioner has responded to Smith-Marker's Objections (doc. #16). This matter is, therefore, ripe for decision.

      Smith-Marker filed an application for disability insurance benefits on June 13, 2006, alleging disability due to diabetes, depression, back pain, cholesterol, irritable bowel syndrome

1

and kidney disease. The alleged onset date was June 6, 2006.

The Commissioner denied Smith-Marker's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia Lombardo held a hearing following which she determined that Smith-Marker is not disabled. The Appeals Council denied Smith-Marker's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Smith-Marker then appealed to this Court pursuant to 42 U.S.C. § 405(g).

After considering the Administrative Record and briefing by the Parties, Magistrate Judge Newman issued a Report and Recommendations recommending that the Commissioner's decision that Smith-Marker was not disabled be affirmed. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in Smith-Marker's Objections (doc. #14) and the Commissioner's Response (doc. #16), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Smith-Marker was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated*

*Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Smith-Marker's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge in its entirety. The Commissioner's decision that Smith-Marker was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thirtieth Day of January, 2012.

.                                                             **s/Thomas M. Rose**

                                                                    _____
                                                                    JUDGE THOMAS M. ROSE
                                                                    UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record